IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00912-BNB

DAVID G. CARLSON,

    Applicant,

v.

RAE TIMME,

    Respondent.

---

SECOND ORDER TO FILE PRELIMINARY RESPONSE

---

On April 30, 2012, Applicant David G. Carlson filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant is currently in the custody of the Colorado Department of Corrections.  However, in the Amended Application, he challenges the computation of the federal sentence that was imposed on him in Case No. 04-cr-00482.  Specifically, he asserts that he is entitled to time computation credits on his federal sentence pursuant to *Willis v. United States*, 438 F.2d 923 (C.A. GA 1971).  He argues that he should receive credit towards his federal sentence from the date of his arrest, June 11, 2009, when a federal no hold bond was placed on him, until December 10, 2009, the date of his sentencing in the state court criminal action.

On May 2, 2012, the Court directed Respondent Warden Rae Timme to file a limited preliminary response pursuant to *Keck v. Hartley*, 550 F.Supp.2d 1272 (D. Colo. Apr. 17, 2008), and address the affirmative defense of timeliness and/or exhaustion of

state court remedies. On May 23, 2012, Respondent filed a preliminary response and indicated that Warden Rae Time is not the proper respondent in this case because Applicant is challenging the calculation of his federal sentence. Instead, Warden Timme asserted that federal prison administrators should be directed to respond to the issue of exhaustion of administrative remedies.

Therefore, the Court will direct the United States Attorney to file a preliminary response to the Amended Application pursuant to *Redmon v. Wiley*, 550 F. Supp. 2d 1275 (D. Colo. 2008). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Preliminary Response should be limited to addressing the affirmative defense of exhaustion of administrative remedies. The United States Attorney should also address whether Applicant, who is currently in state court custody, is required to exhaust federal remedies, and the manner in which Applicant exhausts those remedies. If the United States Attorney does not intend to raise this affirmative defense, the United States Attorney must notify the Court of that decision in the Preliminary Response.

In support of the Preliminary Response, the United States Attorney should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in the Application, as well as any responses to those grievances. Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** the United States Attorney shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if the United States Attorney does not intend to raise the affirmative defense of exhaustion of administrative remedies, the United States Attorney must notify the Court of that decision in the Preliminary Response. It is

**FURTHER ORDERED that the only proper Respondent for purposes of service is the United States Attorney.**

Dated:  June 7, 2012

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge