IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00912-BNB

DAVID G. CARLSON,

    Applicant,

v.

RAE TIMME,

    Respondent.

___

ORDER OF DISMISSAL

___

    Applicant, David G. Carlson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Carlson is currently serving a six-year sentence in the custody of the DOC imposed in Douglas County District Court Criminal Case No. 2009-CR-366.

    On March 4, 2005, Mr. Carlson plead guilty in this Court to bank robbery and aiding and abetting in *United States v. Carlson*, No. 04-cr-00482-JLK-2.  On June 3, 2005, he was sentenced to forty-six months of imprisonment on the first count, and forty-six months on the second count, to be served concurrently, and three years of supervised release.  The judgment was entered on the docket on July 5, 2005.

    On May 9, 2011, after a hearing, Mr. Carlson's supervised release was revoked in Case No. 04-cr-00482-JLK-2, and he was committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of 12 months to run consecutively

to the state court sentence imposed in Douglas County Criminal Case No. 2009-CR-366.

On April 4, 2012, Mr. Carlson filed in Case No. 04-cr-00482-JLK-2 a document titled "Petition for Writ of Habeas Corpus" [ECF No. 231 in No. 04-cr-00482-JLK-2], asserting that he was entitled to 182 days of credit towards his future federal incarceration and sentence computation, based on a "No bond Federal hold" that was placed on him during his state court criminal proceedings.

On April 5, 2012, the Honorable John L. Kane entered an order in No. 04-cr-00482-JLK-2 noting that Mr. Carlson's claims challenged the computation of his federal sentence and properly were asserted in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The April 5 order therefore directed the Clerk of the Court to commence a new civil action and file the document titled "Petition for Writ of Habeas Corpus" in the new civil action. *See* No. 04-cr-00482-JLK-2 at ECF No. 232.

Pursuant to the order entered in No. 04-cr-00482-JLK-2, the Clerk of the Court opened the instant action on April 5 with the document titled "Petition for Writ of Habeas Corpus" [ECF No. 1]. Mr. Carlson cured deficiencies in the instant action by submitting on April 30, 2012, a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that named the proper Respondent, *i.e.* his warden. In the amended application, Mr. Carlson asserts that the federal detainer prevented his release on bail in connection with his state sentence.

On May 2, 2012, Magistrate Judge Boyd N. Boland directed Respondent Warden Rae Timme, Mr. Carlson's current custodian, to file a preliminary response to the

amended application and address the affirmative defenses of timeliness and/or exhaustion of state court remedies. On May 23, 2012, Warden Timme filed a preliminary response and indicated that he was not the proper respondent in this case because Mr. Carlson was challenging the calculation of his federal sentence. Warden Timme argued that federal prison administrators should be directed to respond to the issue of exhaustion of administrative remedies. Therefore, on June 7, 2012, Magistrate Judge Boland directed the United States Attorney to file a preliminary response to the amended application, and address the affirmative defense of exhaustion of administrative remedies. The United States Attorney filed a preliminary response on June 28, 2012.

In the preliminary response, the United States Attorney argues that Mr. Carlson "appears to seek credit for 183 days toward a future federal incarceration and computation. This later federal sentence and duration is not yet at issue as Applicant is not yet serving a federal sentence as reflected in the Application. Further, Applicant is not in custody of a federal respondent." Preliminary Response [ECF No. 15] at 2.

It is clear from the May 23 and June 28 preliminary responses received from the state and federal attorneys that this lawsuit is premature. Mr. Carlson currently is serving a state sentence in the custody of his state warden, Rae Timme, who is the proper Respondent in this action because, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules); *see also* Rule 1(a) of the Section 2254 Rules (making the Section 2254 Rules applicable to § 2241 applications). Mr. Carlson

must complete his state sentence before he is transferred to federal custody pursuant to the federal detainer lodged against him, and once in federal custody, he may sue the federal warden to receive credit against his federal sentence.

Mr. Carlson may challenge the service of his federal sentence through the Bureau of Prisons' administrative exhaustion process once he is in federal custody. At this time, it not only is premature for Mr. Carlson to attempt to challenge the service of his federal sentence, but the Court lacks jurisdiction to entertain such a challenge as Mr. Carlson's custodian is not a federal warden. Therefore, the amended application will be denied without prejudice.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended application [ECF No. 5] is denied and the action is dismissed without prejudice for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __6th__ day of ___July___, 2012.

BY THE COURT:


   s/ Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court